### A. W. CULLARS v. STATE.

No. A-3722.   Opinion Filed Sept. 17, 1921.
(200 Pac. 560.)

Appeal from Superior Court, Muskogee County; Guy F. Nelson, Judge.

A. W. Cullars was convicted of a violation of the prohibitory liquor laws, and he appeals. Judgment modified as to fine and imprisonment and affirmed.

Crump, De Graffenreid & White, for plaintiff in error.

S. P. Freeling, Atty. Gen., and E. L. Fulton, Asst. Atty. Gen., for the State.

PER CURIAM. A. W. Cullars was convicted in the superior court of Muskogee county of having sold, on the 1st day of September, 1919, to one Hobart Brown, certain intoxicating liquor in the form of Jamaica ginger, and was sentenced to serve a term of 90 days' imprisonment in the county jail and to pay a fine of $250.

It is contended that the conviction should not be sustained because of the unsatisfactory nature of the evidence against defendant.

The evidence on the part of the state is to the effect that said defendant sold to Hobart Brown a bottle of Jamaica ginger for 50 cents; that the said liquor was intoxicating; that said Brown was in an intoxicated condition at the time; and that defendant stated at the time he was arrested, right after the alleged sale was made, to the deputy sheriff who arrested him, "You have got me."

Defendant as a witness denied making the sale, and introduced witnesses who swore that his general reputation as a law-abiding citizen was good.

We are of the opinion that the state's evidence, if believed by the jury, was sufficient to establish the sale of intoxicating liquor as alleged in the information.

It is also contended that the information is insufficient. No demurrer was interposed to the information in the court below,

nor was any objection made to the introduction of evidence because of insufficiency of the information.

The instructions of the court required the jury to find defendant guilty of selling an intoxicating liquor in the form of Jamaica ginger, and further instructed that there was no presumption of law that Jamaica ginger was intoxicating. The jury found defendant guilty as charged in the information, and the court pronounced judgment against defendant for the crime of unlawfully selling intoxicating liquor as charged in the information.

In the absence of any demurrer to said information, or objection in the lower court, we deem the same sufficient, although inartificially drawn, to sustain the verdict and judgment of conviction for selling intoxicating liquor. The cases cited and relied upon by counsel for defendant relate to the sale of substitutes for intoxicating liquors, and are not applicable in a prosecution charging directly the sale of intoxicating liquor. It is only fair to state that counsel who represent defendant in this court did not appear for him in the trial of the cause.

The evidence discloses that defendant bore a good reputation as a law-abiding citizen. There is nothing to show that he had ever violated this or any other criminal statute of the state prior to his conviction in this cause. The punishment imposed is severe, being that usually imposed upon confirmed offenders.

In the furtherance of justice, it is the opinion of this court that the judgment should be modified to provide imprisonment for a period of 30 days in the county jail and a fine of $100, and so modified the judgment is affirmed.